In the Matter of
Millissa T. Ford and Stephanie A. Ford,
Minor Children.

## STATE ex rel JUVENILE DEPARTMENT
## OF KLAMATH COUNTY,
*Respondent,*

*v.*

William Clay FORD,
*Appellant.*

(91-127CF, 91-128CF; CA A72832)

848 P2d 1239

John P. Daugirda, Eugene, argued the cause for appellant. With him on the brief was Roost & Daugirda, Eugene.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Father appeals from a juvenile court order in which the court found that he had sexually abused two of his daughters and that he and his daughters were under the court's jurisdiction. ORS 419.476(1)(d) and (e); ORS 419.507(8)(a).[1] We affirm.

■ Father contends that the court erred by assuming jurisdiction. ORS 419.500(1).[2] Our review is *de novo*. ORS 419.561(5); ORS 19.125(3). We conclude that the evidence establishes that he sexually abused the children. The court did not err by finding that father and the girls are within its jurisdiction.

■ In his second assignment of error, father contends that the court's dispositional order exceeded its authority. The court ordered him to participate in a counseling program for sex offenders. ORS 419.507(8)(b) provides, in part:

"If the court finds that a deficiency in parenting skills has significantly contributed to the circumstances bringing the child within the jurisdiction of the court, the court may order the parent * * * to participate in educational or counseling programs, if it finds such participation would be consistent

---

[1] ORS 419.476(1) provides, in part:

"The juvenile court has exclusive jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(d) Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for the best interest of the person; or

"(e) Either the person's parents or any other person having custody of the person have abandoned the person, failed to provide the person with support or education required by law, subjected the person to cruelty or depravity or to unexplained physical injury or failed to provide the person with the care, guidance and protection necessary for the physical, mental or emotional well-being of the person[.]"

ORS 419.507(8)(a) provides, in part:

"A parent * * * of any child found to be within the jurisdiction of the court as provided in ORS 419.476(1), if such parent * * * was served with summons under ORS 419.486 prior to the adjudication, shall be subject to the jurisdiction of the court for purposes of this subsection."

[2] ORS 419.500(1) provides, in part:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in ORS 419.476(1), unless admitted, must be established by a preponderance of competent evidence."

with the best interests of the child, as are reasonably directed toward improvement of parenting skills."

The court found that father had sexually abused his daughters. It cannot be gainsaid that a deficiency in his parenting skills significantly contributed to the circumstances that brought his children within the court's jurisdiction. A counseling program for sex offenders is reasonably directed toward improving his deficient parenting skills. The court was authorized to order him to participate in an appropriate program, because that would be in the children's best interest.

■ Next, father contends that the court lacked authority and abused its discretion by ordering him "not [to] reside in any home with minor children until so approved by the treatment provider." His argument relies on an assumption that only the treatment provider has authority to determine the conditions, course and direction of the counseling program. ORS 419.507(8)(b) provides no support for that assumption.

ORS 419.507(8)(b) is a remedial statute and must be liberally construed to promote the welfare of children within its jurisdiction and to promote the best interest of the public. ORS 419.474(2). Father's deviant sexual behavior toward his children unquestionably constitutes a deficiency in his parenting skills, and that is what brought him and his daughters within the court's jurisdiction. ORS 419.507(8)(b) authorizes the court to order father to participate in a counseling program, but it does not expressly allocate the responsibility for designing or supervising that program. The juvenile court has authority to take reasonable steps to promote the success of a counseling or education program that it orders under ORS 419.507(8)(b).

Here, the court found that father was a sex abuser, and it ordered him to participate in a counseling program to correct his behavior. By ordering him not to reside in a house with other minor children, the court imposed a condition aimed at eliminating a temptation that risked undermining his successful completion of the counseling program. Father's history of sexual abuse indicates that other children

that he lives with will be at risk until he makes progress in the counseling program.

Promoting father's success in the counseling program promotes his daughters' welfare. Protecting other children while he is in the program is in the public's best interest. Because the treatment provider would be in a better position to monitor father's progress, it was reasonable for the court to delegate to the provider the authority to decide when to lift that condition. The court did not abuse its discretion.

Affirmed.

**ROSSMAN, P. J.,** concurring in part, dissenting in part.

I agree with the majority that the court properly assumed jurisdiction over father and his two daughters and that it acted within its authority in ordering father to participate in the sex offender counseling program. I cannot agree, however, with the conclusion that ORS 419.507(8)(b) authorizes the court to order father not to reside in a home with minors without his treatment provider's approval. Obviously, given father's previous conduct and given what is in the best interest of these young girls, the order makes sense. But, regardless of how attractive or prudent that order may seem, ORS 419.507(8)(b) simply does not permit the court to do what it did. And that is what this case is all about: *Who has the authority to create such an order?*

The majority declares that father's argument is that "only the treatment provider has authority to determine the conditions, course and direction of the counseling program." 118 Or App at 683. That is simply not so. Father's sole contention is that, under ORS 419.507(8)(b), *the court* does not have that authority, and I believe that he is correct.

ORS 174.010 provides, in pertinent part:

"In the construction of a statute, the office of the judge is *simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted*[.]" (Emphasis supplied.)

In complete disregard of that directive, the majority reasons that, because ORS 419.507(8)(b) does not expressly or implicitly preclude the court from designing the counseling program, it authorizes the court to do so.

By its express and unambiguous terms, ORS 419.507(8)(b) only entitles the court to order a parent *to participate* in counseling or educational programs. Unlike ORS 137.540(2), which permits the court to fashion conditions of probation, ORS 419.507(8)(b) does not permit the court to create "conditions of counseling" that it believes will facilitate the success of the counseling program. Regardless of how broadly the majority wishes to interpret ORS 419.507(8)(b), the statute simply does not authorize *the court* — on its own — to order father not to reside in a home with minor children.[1] This is trespassing in the exclusive domain of the treatment provider.

I dissent.

---

[1] Surely, the trial court is free to make such a recommendation to the treatment provider.